STELLA H. McCONNELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43478. Promulgated September 14, 1933.

*W. S. Pritchard, Esq.*, for the petitioner.
*Thomas F. Callahan, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has determined a deficiency in income tax for the year 1925 in the amount of $730.16. For her causes of action the petitioner alleges (1) that the Commissioner erroneously determined that she sold any part of a certain parcel of real estate in the taxable year, (2) that if there was such a sale, he has undervalued such property as well as another certain parcel of real estate sold in the same year, as of the date of her acquisition thereof, and (3) that she is entitled to report the profit from one of such sales on the installment basis.

Upon the death of her father in December 25, 1916, the petitioner, as one of his heirs, acquired an undivided one-sixth interest in two

certain parcels of real estate, consisting of (1) a tract 100 by 100 feet known and described as lots 18 and 19 of block 71, hereinafter called the Eighteenth Street property, and (2) lot 16 of block 57, hereinafter called the Fourth Avenue property, all in the city of Birmingham, Alabama.

On May 1, 1925, the petitioner and the other owners of undivided interests therein sold and transferred a portion of the Eighteenth Street property, an area 100 by 40 feet, to John W. McConnell, Harvey Branscomb and Mattie M. Huey, for a recited consideration of $91,333.33. On the same day the petitioner, John W. McConnell and Mabel C. Roscoe purchased the remainder of the property, 100 by 60 feet in area, for a recited consideration of $165,447.95. After these transactions were concluded, the petitioner owned no interest in the tract 40 by 100 feet and did own a nine-twentieths undivided interest in the tract 60 by 100 feet. The parties agree that such sales and transfers were based on a valuation of the entire property at $450,000.

In the taxable year the joint owners thereof sold the Fourth Avenue property for $45,000. Only $5,000 cash was paid down on the sale price, but during the same year the purchaser, with the consent of the sellers, placed a first mortgage on the property and paid the cash so obtained in the amount of $15,000 to the sellers. The balance of the purchase price, $25,000, was paid in three equal annual installments.

Petitioner contends that the several transactions in which the Eighteenth Street property was subdivided into two tracts 100 by 60 feet and 100 by 40 feet, respectively, and in which she disposed of all her interest in the smaller tract and enlarged her interest in the larger, were no more than a readjustment of their several interests by the joint owners of the property and that as a matter of fact she sold nothing but, on the contrary, was a purchaser of additional interests in the larger tract. The deeds evidencing the two transactions are in the record and do not appear to support petitioner's contention that the six joint owners merely readjusted their interests. The smaller tract in which the petitioner owned a one-sixth interest was sold, as recited in the deed, for $91,333.33 and the assumption of certain mortgage indebtedness by the purchasers only, one of whom was one of the joint owners of the property. Petitioner testifies that she received no cash from this sale but the deed shows that the several joint owners received cash in the amount set out above, which was in addition to the mortgage assumed by the purchasers. In these circumstances we conclude that petitioner sold her one-sixth interest in the smaller tract as determined by the respondent.

34

Petitioner alleges that even if there was a sale the respondent has overstated the profit realized and contends that the value of the property at the date of her father's death was much greater than that upon which the respondent has computed the gain from the sale in the taxable year. The property in question was included in the estate of the decedent for estate tax purposes at a value of $150,000, which the respondent has used as his basis in determining the gain realized from sale in the year 1925. Unless there is convincing evidence of another value, that determined for estate tax purposes is presumed to be correct. *David Williams*, 15 B.T.A. 227. The petitioner introduced the testimony of several real estate dealers in Birmingham in support of her claim that each of the parcels of real estate in question had a fair market value in 1916 in excess of the amounts included in the estate tax return. J. L. Yancy, who has been in the real estate business in Birmingham for 45 years, stated that the value of the Eighteenth Street property was approximately $250,000 at December 25, 1916, and that of the Fourth Avenue property, $15,000. George W. Wheatley, engaged in the real estate business in Birmingham for 27 years, testified to the same figures as fair and reasonable market values of the respective properties on the date in question. Yancy also testified that the deceased owner had told him that he had several times refused offers of $240,000 for the property in block 71. The Government introduced no evidence in rebuttal and in cross-examination failed to discredit or weaken the testimony of the expert witnesses of petitioner. On the record we conclude that the determinations of the respondent as to the values of the two parcels of real estate must be overruled. The profits from the sale of the two properties in 1925 should be recomputed on the basis of values of $250,000 and $15,000, respectively.

The petitioner also contends that in the circumstances she should be allowed to report her profits from the sale of her interest in the Fourth Avenue property on the installment basis. The record discloses that out of a sales price of $45,000 the vendors received $20,000 in the year of the transaction. It is immaterial that part of this amount was realized from a first mortgage, or that it was placed on the property by the vendors with the consent of the vendees. The proceeds of the mortgage were paid to the vendors in the year of the sale and must be included in the down payment which, therefore, was in excess of one fourth of the purchase price. There is no basis for the claim that the profits from the sale should be reported on the installment basis. Sec. 212 of the Revenue Act of 1926 and arts. 44 and 46 of Regulations 69; *W. H. Batcheller*, 19 B.T.A. 1050.

*Decision will be entered under Rule 50*